Parker C. J.
delivered the opinion of the Court. The objection to this verdict is threefold.
First, that the plaintiff, in his capacity of warden of the state-prison, had no right to sue, because the authority given by.the statute is to sue only on written, or at most, express contracts ; whereas the contract proved is not in writing, nor, in fact, express, but only implied, and therefore, if it exists at all, it is *349 with the Commonwealth, and not with the warden, he not representing the Commonwealth in such contracts.
But we think this objection is not sustained. The St. 1827, c. 118, which authorizes the warden to make contracts and sue on them, does not require that they should be in writing, and we cannot add to the requisitions of the statute.[1] And as te the other branch of the objection, we think the contract is express, and not left to implication ; for Harris testified that the defendant agreed to take the men at thirty cents a day, by reference to contracts of the like kind, which had been made in preceding years.
Another objection is, that by the statute, the contracts made by the warden, to have any legal validity, must be approved by the inspectors ; and that there was no legal evidence of such approbation.
There was no evidence that the contract had been laid before the inspectors at any formal meeting, before it was begun to be executed, or that at any time that body passed any vote of approbation ; but it was proved that afterward they recognized its existence, and provided for its termination at the ensuing September. This is sufficient to warrant the jury in finding an approbation by the inspectors. The statute does not require that this approbation should appear of record. The inspectors are to make report to the executive, of the concerns of the prison, semi-annually, and their report is probably to include an account of the contracts subsisting; but there is no reason to suppose that a report made from such records as they may make, or from their knowledge, without referring to any record, would be insufficient.
The third objection is of a more general nature, and involves some principles of importance. Property of the defendant, on which his hired convicts had been working, while in the shop within the prison yard, was destroyed by fire, to a greater amount in value than the worth of the services of the hired convicts, the shop having been wilfully set fire to by the convicts. It would seem by the report, that the convicts who had *350 worked for the defendant were those who did the mischief; ^ut judge who tried the cause, upon the examination of his minutes of the evidence, is satisfied that this is a mistake ; that the convicts who set the building on fire, were not designated by the evidence. Some of those might have been concerned, but there was no particular proof of it.
The position taken by the defendant’s counsel is, that as the defendant derived no nenefit from the labor and services of those men, he ought not to be held to pay ; and they refer to the case in 5 Bos. & Pul. 141, in a note, in support of this position. The case referred to appears to have settled definitively a principle which had before been questionable, and the decision is sound and useful, as it has a tendency to settle, in one trial, what would otherwise be the subject of two. The rule is this : “ if there has been no beneficial service, there shall be no pay ; but if some benefit has been derived, though not to the extent expected, this shall go to the amount of the plaintiff’s demand, leaving the defendant to his action for negligence.” Farnsworth v. Garrard, 1 Campb. 39. This rule having been adopted and applied in an action of assumpsit upon a quantum meruit, may not be applicable to the case before us, which is on a special contract for an agreed price, but we will not determine the case upon that distinction, as there is broader ground involved in the argument.
The proposition contained in the English case cited, though extensive enough to embrace this case and all others in which, from any cause, he who is called on to pay for services performed, may defend himself by showing that he gained nothing by the services, must, from its very generality, be subject to qualification and restriction. It is an essential ingredient, that the loss should be occasioned by the fault or negligence of the party claiming pay, or of those for whose acts or omissions he is accountable. And that was the case which gave birth to the proposition. It was a case of work imperfectly executed by reason of the negligence or unskilfulness of the workman ; losses occasioned by acts for which he is not accountable, do not come within the reason of the rule. We take the sense of the proposition to be this, —that when the whole benefit of the labor is lost, by causes for which the plaintiff in the action *351 would be answerable in a cross action, the same matter which would support the cross action may be given in evidence in defence of the suit for pay. [1]
This defence therefore must be tested by the question, whether the facts reported would support an action against the warden, or would give a reasonable demand against the Commonwealth, provided it were liable to an action, for the acts of the convicts which occasioned the destruction of the property. And we think it clear, that no such case is made out by the facts relied on in the defence. It does not appear that the work was imperfectly done, or that there was any unskilfulness in the convicts hired by the defendant. The loss was occasioned by a separate independent act of wanton and malignant mischief, not in the course of their employment, but during a season of relaxation from labor.
The rule of law, after considerable vacillation, has been se* tied in the case of M'Manus v. Crickett, that where injury done by a servant, results from a wanton, malicious act, not in the course of his duty, the master is not answerable.[1] So that if the fire had been set by the very convicts who were employed by the defendant, neither the warden nor the Commonwealth would be responsible. And this takes away all ground of defence, unless, in virtue of the contract and the peculiar relation which the convicts in the state-prison bear to the Commonwealth, there is an implied undertaking to insure against incendiary attempts and other destructive practices of the convicts ; which we think cannot be pretended.
Undoubtedly, if there were any negligence, or unusual relaxation of discipline, which gave the opportunity to do the mischief, the Commonwealth would be bound in equity to repair the loss ; but even this would not be a good defence to a suit upon the contract: certainly not, unless the men hired by the defendant were the authors or instruments. But it is found in this case, that there was no negligence on the part of the officers, the regulations of the prison having been duly enforced. *352 It was a case of lawless violence, for which no redress can ne bad except by the application of mercy by the government.
We lay no stress upon the supposed finding of the jury, that the defendant took upon himself the risk of fire ; that however is the effect of his contract. He must have been aware that he was exposed to loss from sedition or rebellion. He bad no right to' be indemnified by the government, for its agent disa vowed any such liability.
We think, therefore, that there is no legal gro.ind of defence.

Judgment according to verdict.

 Contracts on account of the prison are now required to be made by the warden in writing, and when approved in writing by the inspector, they are to be binding in law. Revised Stat. c. 144, § 19.

 See Dodge v. Tileston, 12 Pick. 328 ; Harrington v. Stratton, 22 Pick. 510; Parker v. Brancker, 22 Pick. 44, 45.

 See Story’s Comm. Agency, 474 et seq. and notes; 2 Kent’s Comm. (3d ed.) 259, 260; Sinclair v. Pearson, 7 N. Hamp. R. 221, 222.